WILLIAM B. GREENOUGH, *Atty. Gen. ex rel.* CHARLES M. KELLEY
  *vs.* SAMUEL WHITELEY *et al.*, BOARD OF CANVASSERS AND
  REGISTRATION OF PROVIDENCE.

PROVIDENCE—OCTOBER 9, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mandamus.   Elections.   Caucus Law.*

Where a caucus of a political party was held according to law, and the board
  of canvassers of the city of Providence had performed the duties required
  by chapter 1078 of the Public Laws preliminary to the holding of such caucus,
  and by reason of irregularities the caucus was by said board declared illegal
  and void, the board can not be required by *mandamus* to provide for the
  holding of another caucus, the statute not contemplating the holding of any
  supplementary caucus for any other reason than that set forth in section 14
  of the act, said section not applying to cases where the caucus was declared
  void by reason of fraud in its proceedings.

MANDAMUS: Heard on petition for writ, and denied.

PER CURIAM.   This is a petition for a writ of *mandamus* to
compel the board of canvassers and registration in the city of
Providence to  designate a  place for the  holding of  a caucus
of the democratic party in the first ward of the city of Provi-
dence, and to do the various other things which are provided
by Public Laws, chapter 1078, passed December 12, 1902, to
be done for the purpose of holding caucuses in the city of
Providence.

(1)     It appears from the papers in the case that a caucus of the
democratic party was held in said first ward according to law
on the 27th day of September, 1905, and that the board of
canvassers had performed the duties required by said chapter
1078 preliminary to the holding of that caucus.

Subsequent to the holding of said caucus, upon the petition
of James H. Thurston *et al.* to the said board of canvassers,
said board of canvassers found "that no persons were lawfully
elected or nominated at said caucus and that said caucus was
illegal and void."   The legal effect of this finding of the board
is to invalidate the result of the caucus which was in its calling

and inception entirely lawful, but failed by misconduct in performance of its function to exercise the privilege given to the party by law.

The broad question presented to the court is whether under chapter 1078 the board of canvassers can now be required by writ of *mandamus* to provide for the holding of another caucus of the democratic party in said first ward, said board having been requested to do so by the democratic city committee through its chairman. Upon a careful examination of the statute above quoted, we are of the opinion that the duties imposed on the board of canvassers of the city of Providence by said chapter have been fully complied with by the said board of canvassers in the acts done by them preliminary to the holding of said caucus on the 27th day of September, 1905; that the statute does not contemplate the holding of any second or supplementary caucus for any reason other than as set forth in the act in section 14, and that section does not apply to a case where the caucus is declared to be void by reason of fraud in the conduct or proceedings of such caucus.

In our opinion, if the court should grant the relief prayed, it would be substantially adding to the statute provisions which the legislature did not make; and upon reading the whole statute it appears to the court it was not the intention of the legislature to provide for the holding of any second or supplementary caucus, in such case as is presented to us. The only provisions which we find in the statute relating to the perpetration of fraud in the conduct of a caucus are those in sections 18 and 19, which impose penalties upon officials or other persons who are guilty of violations of the law.

The court is, therefore, constrained to deny the application for the writ.

*Comstock & Canning, P. Henry Quinn, and James H. Thurston,* for petitioner.

*Francis Colwell and Albert A. Baker,* for respondents.