10 So.2d 167

**KINNEY, Judge of Probate Court, v. HOUSE et al.**

**6 Div. 94.**

Supreme Court of Alabama.

Oct. 29, 1942.

Rehearing Denied Oct. 31, 1942.

394

St. John & St. John, of Cullman, and Mullins & Deramus, of Birmingham, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellees.

PER CURIAM.

Petitioners seek mandamus to have the Probate Judge of Cullman County place their names upon the printed ballot for the election of November 3rd next as candidates of the Republican Party for the several offices for which they claim to have been nominated. It is first insisted that the Judge of Probate in so having the ballots printed acts in a ministerial capacity and is without authority to question the right of the petitioners in that respect. In Section 145 of Title 17, Code 1940, the Judge of Probate is to print the names of the candidates on the ballots but there is no provision that a certificate of nomination shall be conclusive. The certificate in the instant case is equivocal to such an extent as to put the Probate Judge upon inquiry that the nominations were not in accord with the statute. The Probate Judge need not proceed blindly in printing the ballots and if it plainly appears to him, even as a ministerial officer, that the nominations were contrary to the mandatory provisions of the statute, we think he had the right to decline to print the names on the ballot and leave the matter for the courts. The case of Walling v. Lansdon, 15 Idaho 282, 97 P. 396, is here much in point. The substance of the holding in this respect is found stated in the note to 29 C.J.S., Elections, 88, p. 121, as follows: "Where matters pertaining to nominations are regulated by statute, questions of compliance with the statute and infringement of the legal rights conferred are judicial; and the courts are not ousted of jurisdiction or bound by the decisions of party authorities with regard thereto." And as said in 29 C.J.S., Elections, § 162, p. 239: "Mandamus will not issue to compel the placing on the ballot of names of persons not entitled to have their names on the ballot." The certificate of nomination presented to the Probate Judge, as we have indicated, is ambiguous and indicates that the nominations were made by committees with the significant omission entirely of the time when the nomination was made.

With the statute hereinafter referred to before him, the Probate Judge, even acting in a ministerial capacity, had the right to make further inquiry to ascertain if the statute had been complied with.

██ Upon the merits, we are persuaded petitioners have not shown a clear legal right (Smith v. McQueen, 232 Ala. 90, 166 So. 788) to have their names as candidates printed upon the ballots. This upon the theory that they were not nominated at a mass meeting as prescribed by law. In Section 413, Title 17, Code 1940, is the express provision for the time of holding a mass meeting for such purposes. The time is fixed by succeeding sections and this particular section states expressly such meetings shall be held "at no other [time]." To make this provision still more emphatic, it is provided in Section 416 that any person who shall hold, attend or participate in the holding of any mass meeting at any other time for the purpose of nominating a candidate or candidates for public office shall be guilty of a misdemeanor. It is clear enough, therefore, that the statute fixing the time of holding any such mass meeting is mandatory and this is the view of authorities generally. 18 Am.Jur. 250; 29 C.J.S., Elections, § 77, p. 102; 29 C.J. 101; note to Patton v. Watkins, 90 Am.St.Rep. 49. The mass meeting in the instant case was first held at the appointed time, but no nominations were made and indeed no names were placed in nomination, "but adjournment taken for thirty days, with appointment of committee to make nominations thereafter." Of course, it is clear that had the mass meeting continued in session from day to day a reasonable time for nominations, there would have been a continuous meeting and the requirements of the statute would have been met. But such was not the case. The meeting adjourned for a period of thirty days and when the last meeting was had, it was a separate and distinct mass meeting (if it could be so called) which could have consisted of entirely different personnel. But whether so or not is unimportant. The matter of prime importance is that it was a different mass meeting held at an unauthorized time. Such procedure would not meet the provisions of the statute. To sanction it would open the door to a plain and willful violation of the mandatory provisions of the law. No such second mass meeting was authorized by our statute. Greenough v. Whiteley, 27 R.I. 355, 62 A. 213. Petitioners, therefore, were not nominated at a mass meeting as provided by law and, of consequence, were not entitled to have their names printed upon the ballots as such candidates. It results that the judgment of the court below is due to be reversed and one is here entered denying relief and dismissing the petition.

Reversed and rendered.

All the Justices concur.