75 So.2d 649

**John F. McCUTCHEON**

v.

**Rutledge S. THOMAS, Chairman, Morgan County Democratic Executive Committee et al.**

**8 Div. 786.**

Supreme Court of Alabama.

Nov. 12, 1954.

Smith, Johnston & Butler, Huntsville, for appellant.

Russell W. Lynne, Decatur, for appellee Collier.

Harold M. Cook, Birmingham, for appellees chairman of State Committee and subcommittee.

Calvin & Bloodworth, Decatur, for appellees Morgan County Committee.

STAKELY, Justice.

There was a run off primary election between J. H. Collier and John F. McCutcheon for the Democratic nomination for the office of Sheriff of Morgan County on June 1, 1954. In the election J. H. Collier received 6298 votes and John F. McCutcheon received 3895 votes. J. H. Collier, however, did not file a statement of expenses until May 28, 1954, about three days before the election. His failure to comply in this respect with § 279, Title 17 (1954 Cumulative Pocket Part) Code of 1940, and § 280, Title 17, Code of 1940, is the basis of this suit.

Mandamus was sought in the lower court against the Morgan County Democratic Executive Committee and the constituent members thereof and the Special Committee of the State Democratic Executive Committee and the constituent members thereof and the Chairman of the State Democratic Executive Committee, to require them to reverse their orders in which they held that the name of J. H. Collier should not be stricken from the ballot as the Democratic nominee for the office of Sheriff of Morgan County in the election to be held on November 2, 1954, and to require that the name of the petitioner, John F. McCutcheon, be placed on the ballot in lieu of the name of J. H. Collier. The petition for mandamus alleges in effect that J. H. Collier was not eligible for election to the Democratic nomination for Sheriff of Morgan County and that the votes cast for J. H. Collier should be taken from him and either by such reduction in votes or by considering only the votes cast for John F. McCutcheon, John F. McCutcheon should be considered the nominee of the Democratic Party for such office.

Although John F. McCutcheon prior to the primary election on June 1, 1954, had known that J. H. Collier had not filed his expense account until May 28, 1954, and so advised the probate judge on two occasions prior to June 1, 1954, neither he nor any one else took any legal action whatsoever prior to the primary election of June 1, 1954. After the election John F. McCutcheon took the matter before the Morgan County Democratic Executive Committee, which ruled against him. He appealed from the order of the Morgan County Democratic Executive Committee to the State Democratic Executive Committee and Chairman Ben F. Ray of the State Democratic Executive Committee appointed a subcommittee to hear the complaint. The subcommittee in behalf of the State Democratic Executive

Committee affirmed the action of the Morgan County Democratic Executive Committee and after that the mandamus to which we have referred was instituted in the Circuit Court of Morgan County. The court sustained the demurrer to the petition for mandamus and dismissed the petition. Hence this appeal.

This case was submitted and considered under Supreme Court Rule 46, Title 7, Appendix Code of 1940, and the opinion prepared by the writer.

█ It is generally recognized that the extraordinary remedy of mandamus will only be granted when there is a clear, specific legal right shown for the enforcement of which there is no other adequate remedy. Smith v. McQueen, 232 Ala. 90, 166 So. 788. Did the petitioner in his petition for mandamus show such a clear legal right? We do not think so and will proceed to a discussion of that question.

Section 279, Title 17, Code of 1940 (Pocket Part), provides for filing an expense account by a candidate or his committee not more than 15 days nor less than 10 days prior to the election and within 15 days after the election. The last clause of § 280, Title 17, Code of 1940, provides that, "if the statement required to be made prior to such election is not made by any candidate and committee for him, the name of such candidate shall not be placed upon the ballot to be used in such election."

Section 281, Title 17, Code of 1940, provides for a penalty for the failure to file an expense account within 15 days after the election, the penalty being that "a certificate of election or nomination shall not issue to such candidate though he be successful in such election."

So far as we are aware there is no other penalty for the failure to do either of the aforesaid acts, except as set out in § 332, Title 17, Code of 1940, which provides that one who willfully fails or refuses to do any act required of such person relating to the corrupt practice law of the state shall be guilty of a misdemeanor.

The result is that the only effect of the failure to file the statement as required before the election is that the candidate's name shall not be placed on the ballot to be used in the election. It follows that the only procedure available with respect to that default must be had before the election. There is nothing in the statute which provides that the failure to file the expense account not less than 10 days prior to the election is essential to a valid election or that its omission will render the election void. After the election the one who receives the majority of the votes is not subject to be deprived of election in a contest by reason of his having failed to file the statement required by § 279 prior to the election. The reasoning in Beatty v. Hartwell, 217 Ala. 239, 115 So. 164, supports this position.

We are fortified in taking the aforesaid view of the statute by our cases which hold that violations of the corrupt practice act will be construed as mandatory prior to the election in a direct proceeding but only directory after the election. In Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845, 853, this court in commenting on the case of Patton v. Watkins, 131 Ala. 387, 31 So. 93, 90 Am.St.Rep. 43, quoted from Judge Freeman in his comprehensive note reported in 90 Am.St.Rep. 43, 49, as follows:

" ' "All the provisions of the election law are mandatory if enforcement is sought *before* election in a direct proceeding for that purpose; but *after* election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." * * *.' "

██ To summarize, we hold that under the applicable statutes after the election there is nothing that can be done with ref-

erence to a failure of the successful candidate to file his expense account as required by § 279, supra. What has been said is enough to show that the petitioner failed to show a clear specific legal right to the thing demanded and there was no error in denying the relief sought. Smith v. McQueen, supra.

On the 28th day of October, 1954, this court affirmed the judgment of the lower court, but since time was urgent did not prepare an opinion but noted that an opinion would follow. This opinion is in compliance therewith. Ex parte Brassell, ante, p. 265, 73 So.2d 907, 908.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.