185 So.2d 378

J. Fletcher JONES

v.

William Edward PHILLIPS.

3 Div. 232.

Supreme Court of Alabama.

April 12, 1966.

Ira DeMent, Montgomery, for appellant.

Steiner, Crum & Baker, Montgomery, Powell & Hamilton, Greenville, for appellee.

MERRILL, Justice.

Appellee Phillips filed a verified bill of complaint in the Circuit Court of Butler County, seeking to enjoin the Probate Judges of Butler, Covington, Crenshaw and Lowndes Counties, comprising the Twentieth Senatorial District, from placing the name of appellant Jones on the ballot in the Democratic Party primary election to be held on May 3, 1966. A temporary injunction was issued on March 18, 1966, and appellant intervened. After preliminary proceedings, a motion to dissolve was denied and Jones appealed.

The bill charged that appellant failed to comply with the provisions of Tit. 17, § 274, Code 1940, as amended, and asked that the penalty provided in Sec. 275 for violating Sec. 274, i. e., "the name of such candidate so failing shall not be allowed to go upon the ballot at such election," be applied.

Title 17, §§ 274 and 275, provide:

"§ 274. Within five days after the announcement of his candidacy for any office, each candidate for a state office shall file with the secretary of state, and each candidate for a county office or the state house of representatives shall file with the judge of probate of the county, and each candidate for a circuit or district office, including the state senate, shall file with the judge of probate of each county which is embodied in said circuit or district, a statement showing the name of not less than one nor more than five

persons elected to receive, expend, audit, and disburse all moneys contributed, donated, subscribed, or in any way furnished or raised for the purpose of aiding or promoting the nomination or election of such candidate, together with a written acceptance or consent of such persons to act as such committee, but any candidate, if he sees fit to do so, may declare himself as the person chosen for such purpose. If the statement required herein shall have been postmarked at any United States post office not later than midnight of the fifth day after the announcement of his candidacy, the candidate shall be deemed to have complied with the requirements of this section as to filing such statement within five days after the announcement of his candidacy. Such committees shall appoint one of their number to act as treasurer, who shall receive and disburse all moneys received by said committee; he shall keep detailed account of receipts, payments and liabilities. The said committee or its treasurer shall have the exclusive custody of all moneys contributed, donated, subscribed, or in any wise furnished for or on behalf of the candidate represented by said committee, and shall disburse the same on proper vouchers. If any vacancies be created by death or resignation or any other cause on said committees, said candidate may fill such vacancies, or the remaining members shall discharge and complete the duties required of said committee as if such a vacancy had not been created. No candidate for nomination or election shall expend any money directly or indirectly in aid of his nomination or election except by contributing to the committee designated by him as aforesaid."

"§ 275. Any person who shall act as his own committee shall be governed by the provisions of this article relating to committees designated by candidates. Failure to make the declaration of appointment or selection by any candidate as herein required is declared to be a corrupt practice, and in addition the name of such

candidate so failing shall not be allowed to go upon the ballot at such election."

The facts are not disputed. Jones filed his declaration of candidacy with the Chairman of the State Democratic Executive Committee on January 22, 1966, and a copy of that declaration was filed with the Secretary of State the same day. The forms of the declaration used by appellant in filing with these officers met the requirements of Tit. 17, § 274, as amended.

But appellant did not file these forms or any statement meeting the requirements of Sec. 274 with the probate judges of the counties comprising his senatorial district within five days. He filed a form with the probate judges as follows: Covington County on February 26, 1966; Butler, Crenshaw and Lowndes Counties on March 8, 1966.

The real question to be decided is whether the provisions of Sec. 274, as amended, are mandatory or directory. The trial court held them to be mandatory.

■ Appellant raises two preliminary points with which we cannot agree. First, he contends that appellee Phillips has no standing to invoke the jurisdiction of a court of equity as a mere taxpayer, voter and resident of the Twentieth Senatorial District. Without discussing the cases in detail, we cite the following as authority for the courts exercising control over elections. McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649; Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385; Kinney v. House, 243 Ala. 393, 10 So.2d 167; Wakefield v. Town of Carbon Hill, 215 Ala. 22, 108 So. 855; Dennis v. Prather, 212 Ala. 449, 103 So. 59; Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845; Petree v. McMurray, 210 Ala. 639, 98 So. 782.

■ The second point is that Tit. 17, § 274, as amended, is unconstitutional because it violates Sec. 190 of our Constitution, which requires uniformity in election laws. It is argued that a candidate for governor

and a candidate for state senator are each candidates for a state office, but Sec. 274 requires a candidate for governor to file his declaration with the Secretary of State only, while a candidate for state senator must file with the Secretary of State and the judges of probate in his senatorial district.

It is sufficient to say that a candidate for governor and a candidate for the legislature are in separate classifications. The governor runs statewide—in every county of the state. A candidate for the legislature runs from one county or a district composed of more than one county, but less than statewide.

■ We come now to the real question —whether the provisions of Sec. 274, as amended, are mandatory. We conclude that they are insofar as the forthcoming primary election to be held on May 3, 1966, is concerned.

An announcement of candidacy in a primary election, under Tit. 17, § 274, as amended, is made when the candidate files his official declaration of candidacy in the form prescribed by the governing body of the party with the Chairman of the County Executive Committee, if he be a candidate for a county office, or with the Chairman of the State Executive Committee, if he be a candidate for any office except a county office, and this declaration must be filed with the proper chairman not later than March first, next preceding the holding of such primary election. Tit. 17, § 348, Code 1940.

Here, appellant's official announcement of candidacy was on January 22, 1966. He had five days from that date to comply with Sec. 274. This he did not do. This was just as much a part of his qualification as a candidate as was the paying of his qualification fee to the proper chairman of his party. The penalty provided for failure is that his name shall not go on the ballot. Tit. 17, § 275.

What is now Tit. 17, §§ 274 and 275 were enacted in 1915, and Sec. 275 has not been amended. But in 1959, the legislature, of which appellant was a member, amended the five-day provision in Sec. 274. The legislature wanted to spell out clearly what the five-day limitation meant and this new sentence was added to Sec. 274: "If the statement required herein shall have been postmarked at any United States post office not later than midnight of the fifth day after the announcement of his candidacy, the candidate shall be deemed to have complied with the requirements of this section as to filing such statement within five days after the announcement of his candidacy."

And in the first sentence of the section, the legislature made it crystal clear that even though state representatives and senators were state officers, they should file these statements, not only with the Secretary of State, but with the judges of probate in the counties or districts in which they were running. Prior to this amendment, there had been some question as to whether candidates for the legislature were required to file the statements in the counties, but this amendment dispelled all doubt on this subject.

This court has already held that the filing provisions under these statutes are mandatory before elections. In McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649, we said:

"We are fortified in taking the aforesaid view of the statute by our cases which hold that violations of the corrupt practice act will be construed as mandatory prior to the election in a direct proceeding but only directory after the election. In Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845, 853, this court in commenting on the case of Patton v. Watkins, 131 Ala. 387, 31 So. 93, 90 Am. St.Rep. 43, quoted from Judge Freeman in his comprehensive note reported in 90 Am.St.Rep. 43, 49, as follows:

" 'All the provisions of the election law are mandatory if enforcement is

sought *before* election in a direct proceeding for that purpose; *but after* election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.' * * * "

As already noted, Tit. 17, §§ 274 and 275, have been the law in Alabama for fifty-one years. Thirty years ago, the same question involved here was asked of the Attorney General by the Probate Judge of Madison County, and the construction of the statute at that time was that the name of the candidate failing to comply with Sec. 274 (then Sec. 588, Code 1923) should not go on the ballot. Biennial Report of Opinions of the Attorney General, 1934–1936, p. 610. The legislature reenacted the statute in 1940, and again in 1959, with clarifying amendments as to requirements of members of the legislature and the measurement of the five-day period.

A long-standing administrative interpretation is especially persuasive where there has been legislative reenactment of the statute without substantial change. Haden v. McCarty, 275 Ala. 76, 152 So.2d 141; State v. Southern Electric Generating Co., 274 Ala. 668, 151 So.2d 216. And relating to a recent opinion of the Attorney General holding otherwise than the result here reached, what we said in International Union of Operating Engineers, etc. v. Water Works Board of City of Birmingham, 276 Ala. 462, 163 So.2d 619, seems appropriate:

" * * * [W]here an administrative construction by proper officials is fair and reasonable and has been followed for the prescriptive period of twenty years or longer, the courts are not dis-

posed to alter that construction merely because the highest officials may have changed their minds about the matter under consideration."

The holding in this case, even though reached reluctantly, is the only correct result possible under our decisions and the rules of statutory construction. Any change in the law is a matter of legislative, not judicial, action.

Appellant made the closing part of oral argument pro se. He stated that an affirmance would mark him as being "corrupt" and that his future career might be hurt if he was always to be branded "corrupt." The only connection with this case and the word "corrupt" is that Sec. 274 is a part of a whole series of sections known as the Corrupt Practices Act.

There is no charge or finding here that appellant is corrupt. He did no more than overlook a mandatory rule which applied to his qualifying as a candidate for public office in a party primary. He overlooked the filing of a necessary paper within the statutory period allowed, but this was no more "corrupt" than is a person who overlooks the scheduled departure of a train or plane and thereby misses his trip or connection.

This case was argued orally and submitted to the court on April 7, 1966. This court affirmed the decree of the lower court on April 8, 1966, but since time was urgent and it was imperative that the probate judges of the four counties be able to correctly prepare the ballots for the election, we did not then prepare an opinion but notified the parties that an opinion would follow. This opinion is in compliance therewith. McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649; Ex parte Brassell, 261 Ala. 265, 73 So.2d 907.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.