202 So.2d 148

### Edgar VICKERY

v.

### J. P. KING, Probate Judge et al.

### 6 Div. 429.

Supreme Court of Alabama.

Aug. 17, 1967.

Nolen & Enslen, Fayette, for appellant.

T. K. Selman and Hugh Beaird, Jasper, for appellee Wilson.

R. Clifford Fulford, of Levine, Fulford, Gwaltney & Pope, Birmingham, for appellee Vance, as chairman of executive committee.

HARWOOD, Justice.

On 31 January 1966, Leonard R. Wilson filed with Hon. Roy Mayhall, the then Chairman of the State Democratic Executive Committee of Alabama, qualification forms as a candidate for Place No. 1, State Democratic Executive Committee from the Seventh Congressional District as that district existed in November 1960, subject to the Democratic Primary Elections to be held on 3 May and 31 May 1966.

The Seventh Congressional District as of November 1960, consisted of nine counties. Wilson did not file qualification forms naming a "finance committee" with the Probate Judges of each respective county within in the described Congressional District until February 22, 23, or 24, as the case may be.

On 16 April 1966, Edgar Vickery, the appellant here, as a citizen and qualified voter in the Democratic party, filed a bill in Circuit Court of Marion County, one of the counties in the old Seventh Con-

gressional District, seeking to enjoin each Probate Judge in the district from placing Wilson's name on the ballots to be used in the Democratic Primaries above mentioned.

The bill alleged that Wilson had not complied with the requirements of Sections 274 and 275 of Title 17, Code of Alabama 1940, which sections are included in what is commonly known as our Corrupt Practice Act, though as pointed out in Jones v. Phillips, 279 Ala. 354, 185 So.2d 378, many of the rules set forth in this Act involve no corruption whatsoever, but merely establish time limits within which certain acts must be done by a prospective candidate.

Those portions of Section 274, supra, which are material to this review provide that, "Any candidate shall, within five days after the announcement of his candidacy for any office * * * if it be a district office, or circuit office, file with the judge of probate of each county which is embraced in said district or circuit, the name of not less than one or more than five persons * * *" to receive and expend monies for the purpose of promoting the election of such candidate. Any candidate may declare himself as the person chosen for such purpose.

By the terms of Section 275, supra, a failure to declare the selection of such person or committee to receive and expend campaign monies within the five day period after announcement for any office is declared a corrupt practice, and in event of the failure of the candidate to name such committee "the name of such candidate so failing shall not be allowed to go upon the ballot at such election."

On the day the bill was filed (16 April 1966), the court entered a fiat ordering the register to enter a temporary injunction as prayed, conditioned upon complainant furnishing a satisfactory bond in the sum of $500.00.

The complainant furnished the bond and the register issued the temporary injunction on the same day, i. e., 16 April 1966.

On 22 April 1966, Nelson Allen, Probate Judge of Walker County, and one of the respondents, filed his answer stating in substance that the ballots to be used in the primary had been received by him, and delivered by him to the sheriff, as required by law, and that the name of Leonard Wilson appeared on the ballots as a candidate for the office before mentioned; that he (Judge Allen) had no notice of the filing of the bill or of the issuance of the temporary injunction prior to his delivering the ballots to the sheriff, and that he was filing his answer so that the sheriff could be made a party if complainant so desired.

On this day (22 April 1966) the Chancellor, Hon. Bob Moore, Jr., entered an order setting 26 April 1966, as the day on which to hear and determine the mechanics and procedure to be followed in eliminating Wilson's name from the printed ballots in order to comply with the injunction already issued.

On 26 April 1966, the Chancellor entered an order directed to all election officials in the counties comprising the old Ninth Congressional District to the effect that:

"Whereas, under date of April 22, 1966, the Circuit Court of the Twenty-fifth Judicial Circuit Court of Alabama entered an injunction against the Probate Judges of the Counties hereinabove set forth, and since it would work an undue hardship upon the Probate Judges of the various counties to have the ballots reprinted for the Democratic Primary to be held on May 3, 1966: 'You are directed and requested not to count or certify any ballots or votes cast for the following individuals:

"'Leonard R. Wilson for Place No. 1, * * *'".

On 28 April 1966, Leonard R. Wilson filed an original proceeding' in this court averring that he had had no notice of the proceedings had in the Circuit Court of Marion County and had not been made a party thereto; that since the election was

to be held on 3 May 1966, some four days off, he was without any practical legal remedy, and if the orders of Judge Moore were permitted to stand he would suffer irreparable injury; that Judge Moore had no jurisdiction of the parties or the subject matter; and that his orders were contrary to law.

Wilson prayed that Judge Moore be prohibited from enforcing the orders issued by him, and for such other and further relief as he might be entitled.

After hearing and argument, this court entered the following order on the day of the hearing:

"In view of the importance of this matter and the impossibility of reviewing Judge Moore's orders prior to the Primary election on Tuesday, May 3, 1966, we feel obligated to exercise the powers conferred on this Court by Section 140 of the Constitution of 1901, which empowers this Court to issue such 'remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions.'

"We act on the premise that the order of Judge Moore, under date of April 26, 1966, did set aside and vacate the injunction, or restraining order, previously issued under the fiat of Judge Moore under date of April 16, 1966, to the probate judges named in said order; and we proceed to the assumption that the said probate judges are not required to obey said order of April 16, 1966.

"We have serious doubts as to whether Title 17, Sections 274 and 275, as amended, have any application to the petitioners since they are candidates for party office only.

"This order of this Court is not intended to be, and is not, a final determination as to whether any person here involved is or is not qualified for election to any party office in said primary election.

"It is ordered that the Honorable Bob Moore, Jr., as Judge of the Circuit Court of Marion County, be, and he is, hereby required to vacate, annul, and set aside his order made and entered on the 26th day of April, 1966, in that certain cause in said court entitled Edgar Vickery, complainant, v. J. P. King, et al., Case No. 11003, and to notify all election officials in all counties named in said order of April 26, 1966, that they are directed and required to count and certify any and all ballots and votes which may be cast for the following-named persons, to wit:

"Leonard R. Wilson for Place No. 1 * * *"

In compliance with the above order, Judge Moore set aside his order made on 26 April 1966.

On 6 June 1966, the complainant Vickery amended his original complaint by adding Wilson as a party respondent.

Wilson then filed a plea in abatement, and Vickery's demurrer to said plea was sustained.

Wilson then demurred to the complaint as amended, and this demurrer being overruled, he filed his answer.

Robert S. Vance having succeeded Hon. Roy Mayhall as Chairman of the State Democratic Executive Committee, Vance was substituted as a party respondent in lieu of Mayhall.

Wilson received the majority of the votes cast in the first primary held on 3 May 1966.

Upon consideration of the issues as made by the pleadings, and upon evidence taken orally before the court, and stipulations, the court on 5 August 1966, entered a decree denying each prayer of complainant's bill and petition.

The two material issues presented on this appeal are:

1. Was Wilson, as a candidate for a party office subject to the provisions of our Corrupt Practice Act, and

2. Not having filed with the respective Probate Judges in his district within five days the name or names of the committee to receive and disburse campaign funds as required by Section 274, supra, was his election therefore invalid?

As to issue No. 1, it is strenuously argued by counsel for appellee that Section 274 does not apply to candidates for party office in that said section was amended in 1959 with no mention made of candidates for party office appearing in the amendment, ergo, the legislature intended to remove candidates for party offices from the provisions of Section 274.

As pointed out in Jones v. Phillips, 279 Ala. 354, 185 So.2d 378, prior to the 1959 amendment of Section 274, there had been some doubt as to whether said section required candidates for the legislature to file the names of the person or persons to receive and expend campaign funds. The amendment was to remove any doubt. It did not repeal, either actually or by implication, any of the other provisions of the Corrupt Practice Act.

Section 269 of Title 17, a part of the Corrupt Practice Act, is as follows:

"*Candidate defined.*—The word candidate in this article means any person who has announced to the public that he is a candidate for election or nomination to *any* public or *party* office." (Italics ours.)

In view of the above section, still in full force and effect despite the contentions of appellee's counsel, we think it unarguable that candidates for party office are subject to the provisions of Section 274.

As to the second issue, counsel for appellant argues that the case of Jones v. Phillips, supra, necessitates a reversal of this decree and judgment. We are not in accord.

In Jones v. Phillips, supra, the appellee Phillips filed a verified bill of complaint in the Circuit Court of Butler County seeking to enjoin the probate judges of the counties comprising the 20th Senatorial District from placing the name of the appellant, Jones, on the ballot in the Democratic primary election to be held on 3 May 1966. The ballots had not been printed. A temporary injunction was issued on 18 March 1966, and the appellant, Jones, *intervened* in the proceedings. After preliminary proceedings, a motion to dissolve the temporary injunction was denied and Jones appealed. The bill charged that Jones had failed to comply with the provisions of Section 274, Title 17, Code of Alabama 1940, in that he had not filed his declaration of candidacy with probate judges of his senatorial district within five days.

The appeal from the order denying the motion to dissolve was argued orally and submitted in this court on 7 April 1966, and the next day this court affirmed the decree of the lower court, but noted that:

"[S]ince time was urgent and it was imperative that the probate judges of the four counties be able to correctly prepare the ballots for the election, we did not then prepare an opinion but notified the parties that an opinion would follow."

The opinion was published by the court on 12 April 1966.

As to the construction to be placed upon Sections 274 and 275, it was pointed out in Jones v. Phillips, supra:

"This court has already held that the filing provisions under these statutes are mandatory before elections. In McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649, we said:

" 'We are fortified in taking the aforesaid view of the statute by our cases which hold that violations of the corrupt practice act will be construed as mandatory prior to the election in a *direct proceeding* but only directory after the election. In Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845, 853, this court in commenting on the case of Patton v. Watkins, 131 Ala. 387, 31 So.

93, 90 Am.St.Rep. 43, quoted from Judge Freeman in his comprehensive note reported in 90 Am.St.Rep. 43, 49, as follows:

" ' "All the provisions of the election law are mandatory if enforcement is sought *before* election in a direct proceeding for that purpose; *but after* election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." * * * ' " (Italics ours.)

In Jones v. Phillips, supra, Jones had intervened in the proceedings below and thus the proceedings were direct as to him after his intervention. The controversy could be reviewed in an orderly fashion.

In the present case, Wilson had five days after 31 January 1966, in which to file the necessary forms with the probate judges in the counties comprising the district in which he sought election. Therefore from the 6th day of February 1966, the complainant had open to him an action to test the validity of Wilson's qualifications to be a candidate in the primary to be held on 3 May 1966. He took no action until he filed his bill on 16 April 1966, on which day the temporary injunction was issued to the probate judges to remove Wilson's name from the ballots. At this time the ballots had already been printed, and in the case of Judge Nelson Allen, had already been turned over to the sheriff. After Judge Allen filed his answer to this effect, the lower court on 26 April 1966, entered another decree which, as found by this court on 28 April 1966, in effect set aside the injunction or restraining order as to the probate judges.

However, in this same order, the Chancellor directed all election officials in the old 9th Congressional District not to count or certify any ballots or votes cast for Leonard R. Wilson.

█ As before stated, the doctrines of our cases are to the effect that the provisions of Sections 274 and 275 are mandatory before an election, but directory only after an election.

█ The statements in the case enunciating this doctrine do not define the term "election." However, the primary meaning of the word election is choice—the act of choosing. We therefore think that the word "election" as used in our decisions on this question, employed the word "election" as it relates to the time when the ballots are cast. In this sense the effect of the order entered by Judge Moore on 26 April 1966, related to matters occurring after the electors had made their choice in casting their ballots. State ex rel. Harris v. Tucker, 54 Ala. 205.

It is further to be noted that the appellee Wilson was not a party to any of the proceedings before Judge Moore. Certainly he had not intervened in the proceedings as had the appellant in Jones v. Phillips, supra.

In their reply brief counsel for appellant Vickery state:

"To clarify appellant's position, we do not contend that appellee intervened in the proceedings in the matter outlined by the court for intervening in a proceedings, but appellant does believe and the record in this case will bear it out, that the appellee certainly came into, or interceded in this action by the petition filed in this honorable court on April 28, 1966."

We are not in accord with this contention. Wilson was not made a party in the proceedings below until 10 June 1966, sometime after both the first and second primaries of 3 May and 31 May 1966. Wilson certainly had an interest that would be affected by the proceedings had he been made

a party. He learned of the proceedings by rumor or report only a day or so before he sought relief in this court. Had he attempted to intervene, and the Chancellor had ruled adversely to his contentions, he would not, as a practical matter because of time limitations, have been able to obtain relief by appellate review from such decree had he been entitled thereto.

Further, had he intervened he would have suffered irreparable damage had the court's order to the election officials not to count the ballots cast for him been permitted to stand, and again could have obtained no relief by appellate review because of time limitations. It was for this reason and to avoid a chaotic situation, that this court entered its order of 28 April 1966.

■ Not having intervened, and not having been made a party to the proceedings below until 10 June 1966, no court could, prior to 10 June 1966, make the proceedings in the court below into an original independent suit against Wilson by virtue of what is termed by counsel for appellant Wilson's "coming into or interceding" by virtue of his filing his original independent action in this court on 28 April 1966. Ex parte Green, 221 Ala. 415, 129 So. 69.

As stated in Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854:

"It is axiomatic that a man's rights should not be controverted in a court of justice unless he has had full opportunity to appear and vindicate them. It is somewhat difficult to understand how one who was not a party to the suit can be bound by the decree."

■ In view of the posture of this case, resulting largely from the dilatoriness of complainant seeking to assert his contentions, the principles above referred to necessitate the conclusion that no direct action against Wilson resulted until he was brought into the proceedings in the court below by the amendment of the complaint on 10 June 1966. This was after the primary election of 3 May 1966, when Wilson received a majority of the votes cast. We must therefore construe Sections 274 and 275 as directory only.

■ This being so, we hold that the tardy filing of the forms by Wilson with the Probate Judges of the respective counties in his district could not reasonably be considered of a character to obstruct the free and intelligent casting of votes by the electors or to have affected the ascertainment of the result. Nor was such dereliction an essential element of the election.

This opinion is not intended to apply to a situation where a candidate fails entirely to file the forms required under Section 274, but only to a factual situation similar to the one now presented, that is, a tardy compliance with requirements of Section 274.

It follows that the decree of the lower court denying the relief prayed for is due to be affirmed.

In the brief and argument of appellee Wilson, there is set forth a "motion" to strike this entire record.

The appellee Vance does not join in the motion as contained in appellee Wilson's brief, but insists on a decision on the merits.

A number of grounds are set forth in support of the purported motion to strike the record.

■ All applications to this court depending on motion of this court, and all papers touching the same, must be presented on folio paper of the pattern required for ordinary transcripts so that the same may be bound with the record. *Supreme Court Rule 32.* The motion to dismiss the appeal being in the brief and argument, and not having been called to the attention of the Clerk of this court in any manner, this appeal was duly "submitted on briefs" and not "on motion to dismiss, and on briefs." Under these circumstances we hold that the

purported motion to dismiss is not before us for consideration.

Counsel for appellee Wilson argues that the appeal in this case was not perfected within the ten day period provided for in Section 1054, Title 7, Code of Alabama 1940, and the appeal should be dismissed ex mero motu on jurisdictional grounds.

It must be remembered that none of the temporary injunctions issued in the proceedings below were set down for hearing, nor were there any motions ever made to dissolve or discharge the injunctions.

Section 1057, Title 7, Code of Alabama 1940, relied on by appellant in support of his contention in the above premise, authorizing an appeal within ten days, only applies when an application for a temporary injunction has been set down under Section 1054, Title 7, Code of Alabama 1940, and granted or refused on such hearing. Francis v. Scott, 260 Ala. 590, 72 So.2d 93.

The record shows that the decree of Judge Moore was rendered on 5 August 1966, and on that day a written notice of appeal was filed. On 23 August 1966, a motion to withdraw the original notice of appeal was granted in order to substitute Robert Vance as an appellee in lieu of Roy Mayhall. On 1 September 1966, another written notice of appeal was filed with bond for security for costs.

Citations of appeal were issued on 6 September 1966, reciting that on 1 September 1966, the complainant had appealed from the decree of 5 August 1966, as amended on 23 August 1966. These citations were duly served on the appellee.

█] It thus affirmatively appears that the appeal was timely perfected under applicable statutes, and that the appeal is not within the statutory provisions relating to appeals from an order made on application for a temporary injunction set down for hearing and granted or refused at such hearing. This appeal should therefore not be dismissed ex mero motu for lack of jurisdiction in this court to consider the appeal.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.