The Town of New Hope brought a declaratory judgment action against S S Distributing Company seeking construction of a beer tax ordinance. The trial court held that the ordinance was clear and unambiguous *Page 906 
and directed a judgment in favor of the Town of New Hope. S S Distributing Company appealed.
Involved is Ordinance No. 87, an amendment of Ordinances Nos. 32 and 82, which had been, prior to that time, duly adopted by the town council and had been in full force and effect until the date of the amendment, March 6, 1968. The taxable period in question is from March 6, 1968, to June 19, 1974, since Ordinance No. 87 was repealed on the latter date. The ordinance provided in pertinent part:
 "(a) (2) Each wholesale distributor of malt or brewed beverages, whose warehouse or principle point of distribution to retail stores within the town limits or the police jurisdiction of the Town of New Hope, Alabama, is within the town limits or police jurisdiction at the Town of New Hope, Alabama, shall, prior to engaging in such business pay to the Town of New Hope, Alabama, for the privilege of so engaging, an annual license of $50.00 and in addition thereto, upon delivering of any malt or brewed beverages in the Town of New Hope shall pay to the Town of New Hope, for the privilege of having so engaged in the next preceding calendar month or part thereof, an additional license tax of $.02 upon each twelve fluid ounces of all such beverages so received for sale. The license tax upon each bottle or container of such beverage shall be prorated if the contents thereof are more or less than twelve fluid ounces."
The Town of New Hope contended that all beer received and deposited by the defendant in its warehouse ". . . for purpose of resale at wholesale to retail stores, whether within or without the Town or its police jurisdiction was subject to the tax levied by its beer tax Ordinance . . ." S S Distributing Company contends that the tax applied only to beer received and deposited in its warehouse which was later sold by the defendant at wholesale to retail stores located within the town limits or its police jurisdiction.
S S Distributing Company called three witnesses, who were on the Town Council when the first beer tax ordinance was passed in 1959 (Ordinance No. 32) and through 1968, when Ordinance No. 87 was passed. All three testified that it was the purpose of Ordinance No. 32, and its amendments, Ordinances Nos. 82, 84, and 87, to tax only sales from wholesalers to retailers in New Hope. Witness J.C. Taylor testified that the Town Clerk-Treasurer developed forms whereby the wholesalers reported the amount of beer they sold in New Hope, and retailers reported the amount of beer purchased from the wholesalers. He further testified that he was interested in only what went through the retail stores until 1974, when Ordinance No. 102 was passed, which taxes all beer coming into New Hope.
Witness Albert Butler testified that, during his time on the Council, no attempt was ever made to determine the amount of beer coming into New Hope that was not sold to retailers in New Hope.
The testimony of witness Dave Mann was, in substance, the same as that of the previous two witnesses, and he testified that the Clerk-Treasurer's duties were changed by the 1974 Ordinance to include collection of taxes on beer stored within New Hope.
Bernice Clark, the Clerk-Treasurer for New Hope, testified that the pre-1974 procedure required the distributor and retailer to report monthly on the amount of beer sold in New Hope, and these reports were checked against each other. She testified that, under Ordinance No. 102, S S Distributing Company would have to pay tax on the storage on the receipt or delivery or deposit of beverages, less whatever credit they were entitled to for the sale of beverages to other retail distributors in other municipalities. *Page 907 
Witness Johnny Cobb, an employee of S S Distributing Company, and a member of the City Council of New Hope, testified as to the method of determining the tax due the city and stated that he was on the council when Ordinance No. 102 was passed, which placed a tax on the storage of beer in New Hope.
The appellant insists that the trial court should have considered the construction placed on the ordinance by the officials charged with administering the tax laws, and the contemporary history surrounding the passage of the ordinances. It also argues that municipal taxing ordinances are to be strictly construed against the taxing power.
The evidence in this case was uncontroverted that the ordinance was intended to tax beer sold by wholesalers to retailers within the Town of New Hope. However, the trial court found that construction of the ordinance was not required, concluding that ". . . The language of the ordinance is clear and concise to the effect that the two cent license tax was to be levied upon each twelve ounces of all beverages `received for sale.'" The question, therefore, is whether the trial court was correct in determining as a matter of law that the ordinance was clear and unambiguous. We think not. We have said that a statute is ambiguous when it is of doubtful meaning. Exparte Alabama Public Service Commission, 268 Ala. 322,106 So.2d 158 (1959). Ambiguity in this sense has been defined as whether "A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses. . . ." State ex rel. Neelen v.Lucas, 24 Wis.2d 262, 267, 128 N.W.2d 425, 428 (1964).
Ordinance No. 87 requires a wholesale distributor within the Town of New Hope to pay ". . . upon delivering of any malt or brewed beverages in the Town of New Hope . . . [a tax] upon . . . all such beverages so received for sale." The trial court looked only at the language "received for sale" to determine the taxable event. The ordinance could be read, however, to mean that the taxable event is the delivery of the beer by the wholesale distributor to a retailer within New Hope, since the language suggests that the wholesaler will deliver and someone else will receive the beverages.
This ambiguity necessitates the use of rules of construction to determine the intent behind the statute. We resort to the usual rules of construction since ". . . Rules governing in the construction of state statutes are likewise applicable to municipal ordinances. . . ." American Bakeries Co. v. City ofOpelika, 229 Ala. 388, 392, 157 So. 206, 208 (1934).
"One of the most significant aids of construction in determining the meaning of revenue laws is the administrative interpretation given such acts by the agency that is responsible for its administration and enforcement. . . ." 3 C. Sands, Sutherland Statutory Construction, § 66.04, at 192 (4th ed. 1974). "It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administrating the tax laws, such construction should be given favorable consideration by the courts . . ." State v. Birmingham Rail Locomotive Co.,259 Ala. 43, 448, 66 So.2d 884, 889 (1953). It is clear that the Clerk-Treasurer of New Hope was charged with the enforcement of this ordinance. Ordinance No. 87; Alabama Code, Title 37, §§ 424-25 (1958).
The evidence is uncontradicted that the procedure was to tax only sales to retailers made in the Town of New Hope or its police jurisdiction. The original beer tax ordinance was amended four times without substantial modification before it was changed in 1974 to apply to beverages stored in New Hope. The 1959 ordinance contains virtually the identical language as Ordinance 87 with respect to the taxable event. The Council, in the amendments, in *Page 908 
no way expressed its disapproval on the construction placed on the ordinance by the Clerk-Treasurer. This supports the conclusion that this was what the Council intended. Jones v.Phillips, 279 Ala. 354, 185 So.2d 378 (1966).
It is, therefore, our conclusion that the Town Council intended to tax only the sale of beer to retailers in New Hope. In arriving at this conclusion, we are also aided by the rule of construction which requires municipal taxing ordinances to be strictly construed against the taxing authority. Al Means,Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816 (1958).
REVERSED AND REMANDED.
HEFLIN, C.J., and MADDOX, JONES and BEATTY, JJ., concur.