SHORES, Justice.
The facts giving rise to this controversy are clearly set out in Justice Maddox’ dissenting opinion, including the relief sought by Varner at the trial level and his efforts to obtain that relief.
We are in complete agreement with the dissenting members of the court that, under Jones v. Phillips, 279 Ala. 354, 185 So.2d 378 (1966), a violation of the Corrupt Practices Act is construed as mandatory if properly challenged prior to the election in a direct proceeding. If not so challenged, the provisions of that act are treated as directory only, after the election.
In this case, the appellant sought a temporary restraining order under Rule 65(b), ARCP, before the election. However, after filing his petition in the circuit clerk’s office, he failed to get a ruling from a circuit judge to enjoin the election or strike Long’s name from the ballot.
The record shows that on May 25, 1976, when Varner filed his motion for a temporary restraining order to enjoin the certification of the election results, this motion was presented on that date to Circuit Judge Harry E. Pickens, who signed the following statement on the motion:
“May 25, 1976: Presented this date and set for hearing on 3rd day of June 1976. at 10: AM.
“/s/ Harry E. Pickens Judge”
*405 This is the earliest date shown by the record that Varner’s petitions for temporary restraining orders had been presented to a judge. This was some three weeks after the Democratic Primary Election, which was held on May 4, 1976.
A hearing on this petition was held on June 18, 1976, which resulted in a court order dismissing the petition. In that order, the court stated that Varner’s original complaint and motion for temporary restraining order was filed in the circuit clerk’s office on April 27, 1976, but was not served on the defendant until May 10,1976.
The only indication that any matter complained of by Varner in any of his petitions had been presented to a judge prior to the election is found in an affidavit filed by him on July 8,1976, in support of his motion for a new trial or motion to set aside the June 18th judgment of the court.
Other than this post-judgment affidavit, the record shows only that the original complaint was filed in the clerk’s office on April 27, 1976. No action was taken by any judge until the petition to enjoin the certification of the election was presented to Judge Pickens on May 25, 1976. Therefore, Jones v. Phillips, supra, does not mandate reversal of this case. In Jones, the challenger to the candidate’s name being placed on the ballot filed a bill seeking an injunction prior to the election and his petition was acted on by the court, prior to the election.
Here, the challenger simply filed his petition in the office of the clerk and took no action whatsoever to have the matter passed on by the court until after the election. We think the difference is material.
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ., dissent.