MADDOX, Justice
(dissenting).
This case involves a dispute between two candidates for election as a constable. Appellant (complainant) Henry Varner, filed an action seeking to keep the name of the appellee, Johnny Long, off the ballot in the May 4, 1976, Democratic Primary, as a candidate for the post of Constable, District 49, in Jefferson County, Alabama. Varner claimed that Long was disqualified as a candidate because he had failed to name a finance committee as required by Title 17, § 274, Code.[1] Varner’s suit was filed prior to the primary, but the matter was not heard until after the election. Long won the primary overwhelmingly. Long filed a motion to dismiss Varner’s complaint and the trial court granted it, denying Varner any opportunity to present any evidence. Varner appealed.
The chronology of the proceedings is:
March 18, 1976: Long qualified as a candidate for Constable by filing his Declaration and Announcement of Candidacy, and paying the appropriate qualifying fees, with the Jefferson County Democratic Executive Committee and the Judge of Probate, in which he deleted the paragraph which would have named himself as his own fi *406 nance committee. He left the following paragraph in the qualification form:
“(b) I hereby certify that I will, within five days after filing this announcement of candidacy, file with the Secretary of State and/or Probate Judge(s), a supplement to this qualification form giving the appointments and acceptances of my Campaign Finance Committee as required by Sections 274 and 275 of Title 17 of the Alabama Code. (See Attorney General’s Opinion of January 25, 1974.)”
On March 29, 1976, after the qualifying deadline, Long filed an amendment to the Declaration and Announcement of Candidacy previously filed with the Judge of Probate, for the purpose of naming himself as his own “finance committee,” pursuant to Tit. 17, § 274, Code (Corrupt Practices Act).
On April 13, 1976, Varner retained counsel to represent him in his challenge to Long’s candidacy and by and through his attorney, challenged the qualification of Long, by writing a letter to the Jefferson County Democratic Executive Committee.
On April 19, 1976, S. David Herring, Chairman of the Jefferson County Democratic Executive Committee, wrote a letter to Varner’s attorney, Ronald Edward Jackson, requesting the basis for Varner’s challenge of Long’s qualifications.
On April 19,1976, Jackson wrote Herring, telling him that the challenge to Long’s candidacy was “predicated upon Title 17, § 274 of the Alabama Code,” and requested an “early hearing,” by the appropriate committee.
On April 27, 1976, Varner filed the complaint naming Long as a defendant. He asked for a Temporary Restraining Order. His request was not honored.
On May 4, 1976, the Democratic Primary election was held and Long won by a margin of almost two-to-one.
On May 25, 1976, Varner filed his motion to enjoin the certification of the election returns' the motion was set for hearing on June 3, 1976.
On May 31, 1976, the Jefferson County Democratic Executive Committee, through its chairman and secretary, S. David Herring and Clara S. Crowder, respectively, certified the name of Johnny Long to the Probate Judge as the party’s nominee for the position of constable, for the 49th Legislative District.
On June 4,1976, Long filed his motions to dismiss and for summary judgment. Hearing was held on this date and continued for purposes of allowing Varner to submit a brief on the law applicable to the issues.
On June 18, 1976, Long’s motion to dismiss was granted by the lower court and the appropriate order entered on June 22, 1976. The order reads, as follows:
“This cause coming on to be heard on the 18th day of June, 1976, and the Defendant, Johnny Long, being represented by his Attorneys of Record, Hon. David H. Hood and Hon. Houston L. Brown, and the Plaintiff, Henry Varner, represented by his Attorney of Record, Ronald Edward Jackson, and the Court having read the Complaint and Motion for Temporary Restraining Order, which was filed in the Circuit Clerk’s Office on April 27, 1976, which was not served on Defendant, Johnny Long, until May 10, 1976: Motion for Temporary Restraining Order to Enjoin Certification of Constable of District 49 Election Returns, filed May 25,1976, and set for hearing on June 3,1976; Motion for Summary Judgment and Motion to Dismiss filed for Defendant, Johnny Long, June 4, 1976, and the Court having considered the pleadings and heard arguments of counsel is of the opinion that the Motion to Dismiss is well taken and should be granted and the Court after considering the same:
“Orders, Adjudges and Decrees the following:
“ONE: The Motion to Dismiss is granted.
“TWO: That the tardy filing of appointment of Finance Committee by Defendant Long with the Probate Judge of Jefferson County cannot reasonably be considered of a character to obstruct the free and intelligent casting of votes by *407 the electors of District 49 or to have affected the ascertainment of the result. Nor was the late filing of such dereliction an essential element of the election.

“THIRD: That Plaintiff filed his complaint and motion too late to have this matter adjudicated prior to the election.

“FOURTH: That costs of these proceedings are taxed against Petitioner for which let execution issue.
“Done and Ordered this 18th day of June, 1976.
“/s/ Harry E. Pickens CIRCUIT JUDGE”
[Emphasis supplied.]
The primary issue is whether compliance with Title 17, § 274, Code, is mandatory or directory. Varner claims it is mandatory. Long agrees that courts have enforced violations of Title 17, § 274, as mandatory when raised in a direct proceeding before an election, but that the section is directory only when noncompliance with it is raised after an election.
The question has been answered in Jones v. Phillips, 279 Ala. 354, 185 So.2d 378 (1966), where this Court opined:
“We come now to the real question— whether the provisions of Sec. 274, as amended, are mandatory. We conclude that they are insofar as the forthcoming primary election to be held on May 3, 1966, is concerned.
“An announcement of candidacy in a primary election, under Tit. 17, § 274, as amended, is made when the candidate files his official declaration of candidacy in the form prescribed by the governing body of the party with the Chairman of the County Executive Committee, if he be a candidate for a county office, or with the Chairman of the State Executive Committee, if he be a candidate for any office except a county office, and this declaration must be filed with the proper chairman not later than March first, next preceding the holding of such primary election. Tit. 17, § 348, Code 1940.
“Here, appellant’s official announcement of candidacy was on January 22, 1966. He had five days from that date to comply with Sec. 274. This he did not do. This was just as much a part of his qualification as a candidate as was the paying of his qualification fee to the proper chairman of his party. The penalty provided for failure is that his name shall not go on the ballot. Tit. 17, § 275.
“What is now Tit. 17, §§ 274 and 275 were enacted in 1915, and Sec. 275 has not been amended. But in 1959, the legislature, of which appellant was a member, amended the five-day provision in Sec. 274. The legislature wanted to spell out clearly what the five-day limitation meant and this new sentence was added to Sec. 274: Tf the statement required herein shall have been postmarked at any United States post office not later than midnight of the fifth day after the announcement of his candidacy, the candidate shall be deemed to have complied with the requirements of this section as to filing such statement within five days after the announcement of his candidacy.’
“And in the first sentence of the section, the legislature made it crystal clear that even though state representatives and senators were state officers, they should file these statements, not only with the Secretary of State, but with the judges of probate in the counties or districts in which they were running. Prior to this amendment, there had been some question as to whether candidates for the legislature were required to file the statements in the counties, but this amendment dispelled all doubt on this subject.
“This court has already held that the filing provisions under these statutes are mandatory before elections. In McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649, we said:
“ ‘We are fortified in taking the aforesaid view of the statute by our cases which hold that violations of the corrupt practice act will be construed as mandatory prior to the election in a direct proceeding but only directory after the election. In Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845, 853, this court in commenting on the case of Patton v. Watkins, 131 Ala. 387, 31 So. 93, *408 90 Am.St.Rep. 43, quoted from Judge Freeman in his comprehensive note reported in 90 Am.St.Rep. 43, 49, as follows:
“ ‘ “All the provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.” * * * [Emphasis supplied.]
It is undisputed that Varner sought before the election in a direct proceeding to keep Long’s name off the ballot. He filed his complaint on April 27,1976, and contemporaneously asked for a temporary restraining order. Long was made a party to these proceedings; therefore, his reliance on Vickery v. King, 281 Ala. 303, 202 So.2d 148 (1967), where the candidate was not made a party to the proceedings until after the election is misplaced. Here, the action was commenced when Varner filed his complaint. Rule 3, ARCP.
The trial judge made a finding that Var-ner “filed his complaint and motion too late to have this matter adjudicated prior to the election.” There is no support in the Rules of Procedure, the statutes, or in our cases, that a direct action against a party commenced at least 7 days prior to an election is “too late.” In fact, the trial court granted the defendant’s motion to dismiss and based it upon the “pleadings" and “argument of counsel.” Furthermore, the trial court specifically held that “plaintiff filed his complaint and motion too late to have this matter adjudicated prior to the election.” This Court not only affirms that finding but also holds that “ * * * the challenger simply filed his petition in the office of the clerk and took no action whatsoever to have the matter passed on by the court until after the election.” Respectfully, that finding by the majority is a finding on a material fact in issue, made on review of the grant of a motion to dismiss. A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Carter v. Calhoun County Board of Education, Ala., 345 So.2d 1351 (decided May 6,1977). There is some evidence in the record, in the form of an affidavit on motion for new trial, that the plaintiff had a copy of the complaint and motion for the temporary restraining order delivered to the defendant’s wife; that he talked to Judge Pickens about the matter prior to the election; that Judge Bridges would not handle the matter since it was assigned to another judge. Since there is evidence that the motion for temporary relief was brought to the attention of a circuit judge with the power to grant the relief, I believe that the trial court’s finding that his complaint was filed “too late” is not only erroneous as a matter of law, but also because he makes a finding of fact on a controverted issue on a motion to dismiss. The rule of law announced in Jones v. Phillips, is that Section 274 is as much a part of a candidate’s qualification as was the payment of his qualifying fee, and that “all the provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose. . It is undisputed that Varner sought, before the election in a direct proceeding, in which Long was made a party, to prevent Long’s name from being placed on the ballot. The law does not require that the litigant obtain relief before the election, only that he seek it. This Varner did. I would reverse the judgment of dismissal of his complaint.
TORBERT, C. J., and FAULKNER and BEATTY, JJ., concur.

. Title 17, § 274, Code, reads, in relevant part:
“Within five days after the announcement of his candidacy for any office, each candidate for a state office shall file with the secretary of state, and each candidate for a county office or the state house of representatives shall file with the judge of probate of the county, and each candidate for a circuit or district office, including the state senate, shall file with the judge of probate of each county which is embodied in said circuit or district, a statement showing the name of not less than one nor more than five persons elected to receive, expend, audit, and disburse all moneys contributed, donated, subscribed, or in any way furnished or raised for the purpose of aiding or promoting the nomination or election of such candidate, together with a written acceptance or consent of such persons to act as such committee, but any candidate, if he sees fit to do so, may declare himself as the person chosen for such purpose. . . . ”