This is an expedited appeal.
Wiley Kirksey announced his candidacy for election as the Democratic nominee for the State Board of Education, District Five. District Five consists of 19 of Alabama's 67 counties. Kirksey did not file the information concerning his appointment of a finance committee with the Secretary of State within the five days after his announcement.[1] An elector in District Five officially challenged Kirksey's candidacy on the basis that § 17-22-5, Code 1975, required Kirksey to file a statement naming the members of a finance committee with the Secretary of State within five days of his announcement. This challenge was heard before a subcommittee of the State Democratic Executive Committee (SDEC), which sustained the challenge and disqualified Kirksey as a candidate for this office.
Kirksey filed a motion for a temporary restraining order in the Circuit Court of *Page 639 
Jefferson County, asserting that he was not required by law to file with the Secretary of State and that the ruling of the subcommittee of the SDEC was contrary to the prevailing law. The circuit court upheld the action of the SDEC.[2] Kirksey appealed and alternatively filed a petition for a writ of mandamus. We affirm and deny the writ.
Section 17-22-5, Code 1975, is made applicable to primary elections by § 17-16-4, Code 1975 ("all primary elections held by a political party in this state for the nomination of any state, national, district, circuit, county or municipal offices shall be held and conducted under the provisions of this chapter [Chapter 16, "PRIMARY ELECTIONS"] and, except as herein modified, shall be held and conducted in the same manner and form, under the same requirements and subject to the same forfeitures, penalties and punishments as are now or shall hereafter be provided by law for the holding of regular state elections. . . .")
Section 17-22-5, Code 1975, provides, in pertinent part:
 "Within five days after the announcement of his candidacy for any office, each candidate for a State office shall file with the secretary of state, and each candidate for a county office or the state house of representatives shall file with the judge of probate of the county, and each candidate for a circuit or district office, including the state senate, shall file with the judge of probate of each county which is embodied in said circuit or district, a statement showing the name of not less than one nor more than five persons elected to receive, expend, audit and disburse all moneys contributed, donated, subscribed or in any way furnished or raised for the purpose of aiding or promoting the nomination or election of such candidate, together with a written acceptance or consent of such persons to act as such committee. . . ." (Emphasis added.)
In Knight v. Gray, 420 So.2d 247 (Ala. 1982), we held that the Democratic Party has authority to hear pre-primary challenges to the political or legal qualifications of its candidates. § 17-16-12, Code 1975.
In Jones v. Phillips, 279 Ala. 354, 185 So.2d 378 (1966), and in McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649 (1954), we held that this particular provision of the election law, requiring the filing of a statement regarding the appointment of a finance committee, is mandatory if enforcement is soughtbefore the election in a direct proceeding for that purpose, and such enforcement was sought in this case.
Kirksey contends that a seat on the State Board of Education is not a "state office" since a member is not required to run statewide but only in a district composed of several of the state's 67 counties. It is not the area or district from which a person is to be elected which determines whether an office is a "state office." It is the office itself which determines that. Kirksey sought the Democratic nomination as a member of the State Board of Education. Section 16-3-1, Code 1975, provides that the State Board of Education shall be composed of the Governor as an ex officio member and eight members, with one of those members to be elected by the qualified electors of each congressional district as our congressional districts were drawn prior to the last redistricting, when the state lost one seat in Congress. The State Board of Education shall exercise general control and supervision over the public schools of the state. § 16-3-11, Code 1975. While Kirksey was seeking the nomination by the qualified electors of District Five, he was seeking to become a member of the State Board of Education. The very name (State Board of Education) and purpose (control and supervision over the public schools in the state, not in a district) suggest that it is a state office. *Page 640 
Jones v. Phillips, supra, supports our holding that a member of the State Board of Education holds a "state office." InJones, we held that a state senator was a state officer and was required to file a statement regarding the appointment of a finance committee with the Secretary of State and with the judge of probate of each county "embodied" within his district. Obviously, Kirksey did not file the requisite forms with the Secretary of State. Therefore, he could not prevail, even if this Court held, which it does not, that a member of the State Board of Education holds a district office as opposed to a state office.
The judgment of the trial court is affirmed and the writ of mandamus is denied.
AFFIRMED; WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
BEATTY, J., not sitting.
[1] It appears that Kirksey did file the requisite forms with the judge of probate of every county within District Five within five days after the announcement of his candidacy.
[2] No party raised a question regarding the doctrine of exhaustion of remedies; therefore, we do not discuss the failure to exhaust the remedy prescribed by Article VIII, Section 2 (h), of the Rules of the Alabama Democratic Party. See Ex parte Graddick, 495 So.2d 1367 (Ala. 1986).