199 So.2d 74

J. Dennis HERNDON, Judge of Probate,

v.

William E. LEE.

2 Div. 496.

Supreme Court of Alabama.

May 5, 1967.

Ralph R. Banks, Jr., Eutaw, for appellee.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellant.

Ralph R. Banks, Jr., Eutaw, for appellee.

COLEMAN, Justice.

Appeal from decree granting temporary injunction after hearing.

One respondent appeals from decree enjoining him from placing the name of the other respondent on the ballot as candidate for sheriff in the general election.

Complainant filed bill of complaint in which he makes the following averments.

In the Democratic primary election held in Greene County on May 3, 1966, complainant, Lee, was nominated as Democratic nominee for sheriff, and complainant's name will be placed on the ballot to be used in the general election as the nominee of the Democratic Party for sheriff.

Respondent Herndon is the Judge of the Probate Court of Greene County and charged by law with the duty of preparing ballots for the general election. § 145, Title 17, Code 1940.

Respondent Gilmore claims to be the nominee of the Greene County Freedom Organization for the office of sheriff. On May 3, 1966, a purported certificate of nomination was filed by said organization with Judge Herndon, and Gilmore had knowledge of such purported certificate of nomination shortly thereafter. No other certificate of nomination was filed by or on behalf of Gilmore to nominate him for the office of sheriff.

Until September 9, 1966, Gilmore failed to file with the Judge of the Probate Court a statement designating a committee to receive and disburse campaign funds as required by § 274, Title 17, Code 1940, as amended. On September 9, 1966, Gilmore filed a paper designating himself to receive and disburse campaign funds.

Complainant avers that appellant will place Gilmore's name, as a candidate for sheriff, on the general election ballot unless enjoined from doing so.

The bill of complaint was presented to the circuit judge on the day it was filed, but he ordered the same set for hearing at 10:00 a. m. on November 22, 1966. Copies of the bill and order were served on each respondent. Testimony was heard ore tenus on the day set.

The evidence is virtually without dispute. On May 3, 1966, six people met in the courtroom and made what purported to be nominations for four offices. One was the office of sheriff. The mass meeting certificate nominating Gilmore, filed with the Judge of Probate May 3, 1966, recites as follows:

" Thomas E. Gilmore WAS
HEREBY NOMINATED FOR THE
OFFICE OF SHERIFF OF
GREENE COUNTY, ALABAMA, BY
THE GREENE COUNTY FREEDOM
ORGANIZATION. ON MAY 3, 1966.

"SIGNED
" Wiley Bell
ACTING PRESIDENT
" Wynette Bell
RECORDING SECRETARY
"(Upon the reverse side of said Complainant's Exhibit, appears the following) :

"ONE MAN—ONE VOTE"

————◆————

The certificate had on its back a drawing which resembles a black panther.

The Judge of Probate sent to Gilmore, by registered mail, a letter stating that papers

had been filed by the Greene County Freedom Organization nominating him for sheriff. A receipt for the letter purporting to bear Gilmore's signature, dated May 7, 1966, was placed in evidence.

About fifteen days later, Gilmore came to appellant's office and discussed this nomination with appellant. Gilmore said "that he was not a nominee of that Party or something of that kind, that he was running on the Democratic ticket and had been advised that he should maintain that position."

On September 9, 1966, Gilmore filed in appellant's office a paper which recites:

## "COMPLAINANT'S EXHIBIT D

"I, Thomas E. Gilmore, the undersigned, a candidate for the Office of Sheriff, Greene County, Alabama, to be filled in the General Election of November 8, 1966, to hereby designate myself to receive, expend, audit, and dispense all moneys contributed, donated, subscribed, or in an (sic) way furnished or raised for the purpose of aiding or promoting my nomination and/or election.

"This ninth day of September, 1966.

" Thomas E. Gilmore
Thomas E. Gilmore
"Forkland, Alabama"

Also, on September 9, 1966, Gilmore filed another paper which recites:

## "RESPONDENT'S EXHIBIT NO. 1

"HON. J. D. HERNDON
JUDGE OF PROBATE
GREENE COUNTY
GREENE COUNTY COURT HOUSE
EUTAW, ALABAMA

"DECLARATION OF CANDIDACY BY MASS MEETING
"REV. THOMAS E. GILMORE

"being a qualified elector of Greene County—and certification of nomination at a mass meeting held on May 3, 1966 already filed with the judge of probate, Greene County—hereby declares that he wishes to become the candidate of the Office of

"GREENE COUNTY SHERIFF

"which office is to be filled by election to be held on November 8, 1966. September 9, 1966

" Thomas E. Gilmore
Thomas E. Gilmore"

In two cases, we have already decided that the name of a candidate shall not be allowed to go on the ballot if the candidate fail to comply with the requirements of §§

274 and 275, Title 17, by filing a statement declaring the name of the committee to receive and disburse campaign funds within five days after the announcement of his candidacy. Jones v. Phillips, 279 Ala. 354, 185 So.2d 378; Owens v. Heartsill, 279 Ala. 359, 185 So.2d 382.

It is clearly apparent that Gilmore did not file the required statement within five days after May 3, 1966, the day on which the mass meeting certificate was filed.

■ Appellant contends, however, that the announcement of Gilmore's candidacy was not made on May 3, 1966, but was made on September 9, 1966, by filing the statement, quoted above as Respondent's Exhibit No. 1; and that within five days thereafter, in fact on the same day, Gilmore did file Complainant's Exhibit D, quoted above, which does declare the name of his committee to receive and disburse campaign funds.

The question for decision is when did the announcement of Gilmore's candidacy for sheriff as nominee of the mass meeting occur? If the announcement occurred May 3, 1966, when the mass meeting certificate was filed, then § 274, Title 17, has not been complied with and Gilmore's name should not be placed on the ballot as the mass meeting candidate for sheriff. If the announcement occurred September 9, 1966, when, on the same day, Gilmore filed Respondent's Exhibit 1, quoted above, then § 274, Title 17, has been complied with, and Gilmore's name should be placed on the ballot as the mass meeting's candidate for sheriff.

We think we should say here that neither party has questioned the sufficiency of the contents of any of the papers filed to comply with applicable statutes. We have not considered the sufficiency of the papers, and we are not to be understood as holding them sufficient or insufficient.

■ § 413, Title 17, fixes the time for holding mass meetings and is mandatory.

Kinney v. House, 243 Ala. 393, 396, 10 So. 2d 167.

The certificate of the mass meeting filed May 3, 1966, is treated as made and filed in compliance with § 413. Complainant does not say it was not so filed. This paper is the only authority which would justify appellant in placing Gilmore's name on the ballot at all. There is no authority of which we are advised whereby a person, by his individual act, may declare himself a candidate in a general election so as to give himself the right to have his name placed on the ballot as a candidate in such election. If Gilmore's name was certified to appellant as a mass meeting candidate, and if other applicable statutes, such as § 274, Title 17, were complied with, then the Judge of the Probate Court is charged by § 145, Title 17, with a duty as follows:

"The probate judge of each county shall cause to be printed on the ballots to be used in their respective counties, the names of all the candidates who have been put in nomination by any caucus, convention, *mass meeting*, primary election, or other assembly of any political party or faction in this state, and certified in writing and filed with him not less than sixty days previous to the day of election. . . . ." (Emphasis Supplied.)

In the absence of written notice by a candidate that he will not accept the nomination, given to the judge of probate not less than twenty days before the election as provided by § 148, Title 17, the ballot shall contain the names of all candidates nominated by "mass meeting," etc.

In the absence of such written notice of non-acceptance by a duly certified candidate, this court held more than thirty years ago that the probate judge of Jefferson County had no authority of law to strike or reject the name of a nominee certified by the party executive committee as the party nominee for constable in precinct 57 of that county. The nominee applied to the

circuit court for mandamus to require the judge of probate to strike the nominee's name from the general election ballot and the supreme court affirmed the ruling of the trial court denying the writ and dismissing the petition. Blackwell v. Hawkins, 226 Ala. 149, 145 So. 477.

So, if Gilmore was properly certified as nominee of the mass meeting, and if he timely complied with § 274, Title 17, then, under the facts shown by the record in the case at bar, the probate judge would have had no authority to strike Gilmore's name from the ballot. This would be true whether or not he had ever filed his alleged declaration of candidacy which is Respondent's Exhibit No. 1 set out above. In this paper, he claims that he is the nominee of the mass meeting, and this he must be or he is no nominee at all.

Respondent's Exhibit No. 1 is a nullity and without force or effect. It could not make Gilmore a nominee or add to or take away from the effect of the certificate of the mass meeting filed May 3, 1966.

We are of opinion that the announcement of Gilmore's candidacy occurred May 3, 1966, when the certificate of the mass meeting was filed. He did not comply with § 274, Title 17, within five days thereafter and § 275, Title 17, declares that his name shall not be allowed to go on the ballot.

The decree enjoining appellant from placing Gilmore's name on the ballot is correct and is affirmed.

### Petition.

The record in this cause was filed in this court December 2, 1966. Briefs were duly filed by the respondent judge of probate and the complainant Lee. On February 16, 1967, the cause was submitted on briefs for decision. The record and briefs indicate that respondent Gilmore and his attorney of record have had due notice of the proceedings in this court as provided by law, but nothing was filed in this court in his behalf prior to March 30, 1967.

On March 30, 1967, a petition, asking that the submission be set aside, that petitioner be permitted to assign errors and file briefs, and for other relief, purporting to be filed in Gilmore's behalf, was presented to this court. The petition is signed "Fred Wallace Attorney for Petitioner." Fred Wallace is not the attorney who had previously represented Gilmore in this cause.

We do not find the name, "Fred Wallace," on the roll of attorneys who have been admitted to practice before this court. Rule 13 of the Revised Rules of The Supreme Court of Alabama; Appendix to Title 7, Code of Alabama Recompiled 1958, page 1165; 279 Ala. XXVIII. Neither has any person bearing that name been introduced and recommended to this court *pro hac vice* as provided by Rule VI of Rules Governing Admission To The Bar Of Alabama, Adopted And Promulgated By The Board Of Commissioners Of The Alabama State Bar. Only such persons as are regularly licensed have authority to practice law. § 42, Title 46, Code 1940. Withers v. State. 36 Ala. 252.

Because the petition was not presented by an attorney authorized to represent litigants before this court, the petition is due to be and is stricken.

Affirmed.

Petition stricken.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.