210 So.2d 415

**Thomas E. GILMORE**

**v.**

**William E. LEE.**

**2 Div. 507.**

Supreme Court of Alabama.

May 2, 1968.

Oscar W. Adams, Jr., Birmingham, and Jack Greenberg, New York City, for appellant.

Ralph B. Banks, Jr., Eutaw, for appellee.

MERRILL, Justice.

Appeal from a decree making permanent a previously issued temporary injunction in which the probate judge of Greene County was enjoined from placing the name of Thomas Gilmore on the ballot as a candidate for sheriff of the county. Probate Judge Herndon does not join Gilmore in this appeal.

Both Judge Herndon and Gilmore were appellants here on the appeal from the decree granting the temporary injunction, Herndon v. Lee, 281 Ala. 61, 199 So.2d 74, in which case this court affirmed the issuance of the temporary injunction. After affirmance, respondent Gilmore filed an answer and a motion to dismiss the bill of complaint. Prior to the original appeal, Judge Herndon had filed an answer admitting all the allegations of the bill.

Testimony was taken ore tenus by the court on July 11, 1967, and the final decree, entered on the same day, reads:

"This cause having been presented to the Court for a temporary injunction on the 18th day of November, 1966, and the same having been granted after hearing on the 22nd day of November, 1966, and the same having been granted after hearing on the 22nd day of November, 1966, by decree of this Court, said decree having been affirmed by the Supreme Court on the 5th day of May, 1967, this proceeding having been set for this day for hearing on the merits to determine if said temporary injunction should be made permanent, the Court proceeded to hear the motion on behalf of respondent Thomas E. Gilmore to dismiss the bill of complaint, and upon hearing testimony upon said motion, the Court is of the opinion that the said motion to dismiss is without truthful basis in fact. It is, therefore:

"ORDERED, ADJUDGED AND DECREED by the Court that the motion to dismiss the bill of complaint in this proceeding be and the same is hereby dismissed, with the costs incurred therein taxed against the respondent Thomas E. Gilmore, for which let execution issue.

"Thereupon the Court proceeded to consider the demurrer filed to the bill of complaint on behalf of the respondent Thomas E. Gilmore, and the Court is of the opinion that the said demurrer is not well taken. It is therefore:

"ORDERED, ADJUDGED AND DECREED by the Court that the demurrer filed on behalf of respondent Gilmore be and the same is hereby overruled.

"The proceeding coming on to be heard by the Court upon the merits as to

whether or not the said injunction heretofore ordered be made permanent with all parties present in their own proper person and by counsel at every step in the proceeding the cause was submitted for final decree on behalf of the complainant upon the bill of complaint, the temporary injunction heretofore issued upon order of the Court, the answers of the respondents and testimony and exhibits submitted by the parties. Upon the hearing and consideration of the same, the Court is of the opinion that the complainant is entitled to the relief for which he prayed in his bill of complaint.

"It is therefore ordered, adjudged and decreed by the Court that the temporary injunction heretofore issued be, and the same is hereby made permanent, and the respondent J. Dennis Herndon is forever restrained and enjoined from causing the name of the respondent Thomas E. Gilmore to be printed as a candidate for the office of Sheriff of Greene County, Alabama, on the ballots to be used in the forthcoming election to be held for such office in Greene County, Alabama.

"The Costs of this proceeding shall be taxed one-half to the respondent J. Dennis Herndon and one-half to the respondent Thomas E. Gilmore, for which let execution issue.

"Jurisdiction of this cause is retained for such other and further or different relief as may hereafter be presented to this Court upon appropriate pleadings and proof."

Assignments of error 1 and 2 charge that the court erred in assuming jurisdiction and enjoining Judge Herndon because the matter is within the jurisdiction of the United States District Court of the Northern District of Alabama, and conflicts with the request made to that court by appellant.

It is possible that the circuit court should not have taken jurisdiction because the matter was in the Federal Courts. But that point must be properly raised. The only pleading raising the point is the motion to dismiss which merely states that the jurisdiction of the subject matter is presently lodged in the United States District Court of the Northern District of Alabama, and to grant relief would conflict "with the mandate of the United States Court of Appeals for the Fifth Circuit in the case of Gilmore, et al. v. Greene County Democratic Party Executive Committee, et al., [368 F.2d 328]." No pleading, order, decree or mandate in or of any Federal Court is in the record and the record contains positive testimony that appellee was not a party to the mentioned proceedings.

When the record does not disclose the fact assumed as a ground of an assignment of error, such ground for error cannot be considered on appeal. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; White v. State ex rel. Fowler, 262 Ala. 694, 81 So.2d 267; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897. We have also held that where matters argued by the appellant did not appear of record, they could not be considered on appeal. Rhodes v. Tomlin, 267 Ala. 491, 102 So.2d 904. No question of conflict of jurisdiction is before us.

Assignment of error 3 reads:

"The Circuit Court erred in holding that the tolling of a time period of five (5) days as set forth in Code of Ala., Tit. 17, § 274 is not plainly controlled and initiated by Code of Ala., Tit. 17, § 269."

The decree does not show that the court held the matter alleged in assignment 3, and moreover, we do not know what "controlled and initiated" means as used in the assignment.

Assignment of error 4 reads:

"The Circuit Court erred in holding that appellant was a candidate for office from the moment he became a nominee though he was nominated without his

consent or knowledge and that he was subject to penalties established exclusively and only for candidates, though only a nominee."

A reading of the decree does not show that the court specifically made such a holding.

Assignments of error 5, 6 and 8 are in the nature of argument that the court was mistaken, but they do not point out either that the court erred or any specific ruling that constituted error. We quote number 5:

"The decision of the Circuit Court violates the right, privilege, and/or immunity of appellant pursuant to the Fourteenth Amendment to the Constitution of the United States to be responsible or punished for only those acts which he has done, authorized, or over which he had control."

■ The office of an assignment of error is not to point out legal contentions, but only to inform this court that appellants assign as erroneous certain named rulings. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539.

■ In assigning errors, the appellant must specify the action of the trial court which he would have reviewed and revised; and only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Andrews v. May Supply Co., 277 Ala. 248, 168 So.2d 619.

The only remaining assignment of error, number 7, reads:

"The Circuit Court erred in continuing its equitable jurisdiction of the cause when it was admitted by the Judge of Probate that he had not threatened, decided to, or told anyone, including appellee, that he intended to place the name of Thomas E. Gilmore on the ballot, and

the allegation of appellee's Complaint that he had so threatened was the sole basis upon which the cause was lodged in the Circuit Court, in Equity."

Paragraph 5 of the bill of complaint charges "Your complainant further avers that the respondent Herndon is threatening to include the name of respondent Gilmore, as a candidate for the office of Sheriff of Greene County, Alabama, upon the ballot to be printed for the election to be held for the office of Sheriff of Greene County, Alabama, in the near future and unless restrained by this Honorable Court will do so."

While Judge Herndon, called as a witness for appellant, was testifying on cross examination, the following occurred:

"Q Judge Herndon, do you recall making a statement made at one time back in the fall that you were getting pretty tired of court and expenses and that you might just as well go ahead and put Gilmore's name on the ballot and let him run?

"A I don't remember. I might have."

This one question and answer is the basis for appellant's argument under assignment 7.

In Judge Herndon's answer to the bill of complaint, he said "Respondent admits the allegations of paragraph No. 5."

Later, Judge Herndon was called as a witness for appellee and he was shown his answer, which had been filed, in which he had admitted the allegation of all of the paragraphs of the bill, including No. 5, and he stated that his answer was true.

The appellee testified on cross examination as follows:

"Q Mr. Lee, in your bill of complaint you have alleged that the Respondent made threats to include the name of

Thomas E. Gilmore on the ballot in the general election or in a general election for Sheriff. What circumstances are you familiar with concerning any such threats?

"A I met Dennis out there, the Probate Judge, one day or one morning going in the court house, and he said 'Hey, Sheriff, I want to talk to you.' He said, 'I'm just confused and tired of going and expenses fooling with court procedure. I'm just going ahead and put Mr. Gilmore's name on the ballot.'

"Q All right, when did that happen? Was that before this suit was filed?

"A Yes sir."

It will be noted that Judge Herndon did not orally deny the allegation of paragraph 5 of the bill, and he said he "might have" done as alleged. But his answer to the bill admitted the allegation; he testified his answer was true, and appellee's testimony was positive as to the allegation. Actually, there is no real conflict in the evidence relative to what Judge Herndon was going to do, and we cannot agree that the trial court erred in holding that complainant was entitled to relief insofar as that relief was predicted on the allegation of paragraph 5.

No reversible error has been shown.

It appears to us that the only essential difference in this appeal and the former one, Herndon v. Lee, 281 Ala. 61, 199 So. 2d 74, is that the temporary injunction there affirmed was made permanent. No evidence is shown in this record to show why a different result should have obtained. If this court was correct on first appeal, an affirmance is correct now.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.