219 So.2d 651

Robert H. THOMPSON

v.

Milton Eugene LANGLEY.

6 Div. 371.

Court of Appeals of Alabama.

Feb. 18, 1969.

Jas. F. Berry, Cullman, for appellant.

Bland & Bland, Cullman, for appellee.

CATES, Judge.

Automobile negligence action with verdict for $300 in favor of the defendant on his cross action. Original plaintiff appeals.

## I.

Thompson was driving his pickup truck going eastward on U. S. Highway 278 near Cullman. It was shortly after 6:00 A.M. on January 11, 1966. When he made a left turn toward a roadside store, Langley, who was passing in the left lane also going east, drove into Thompson's truck.

The evidence was in conflict as to whether Thompson (a) made a signal for his turn, and (b) had clear vision or had his windows frosted over. Langley testified he blinked his lights off and on to signal his purpose to pass. He did not sound his horn.

## II.

Appellant waved argument of his assignments of error 1, 2, 3, 5 and 6. He argues 4, 7, 8 and 9 together. Assignment 10 is argued separately.

In assignment of error 10, appellant avers error in the trial judge's refusing his written requested charge number 1 which reads:

"PLAINTIFF'S CHARGE NO. 1 I charge you ladies and gentlemen of the jury that a right of way to pass a preceding vehicle on a two lane highway is predicated on a finding that defendant sounded his horn within such time and proximity as to permit the lead car to give way and to leave room to pass."

■ Regardless of its construction [1] of the horn blowing statute, this charge is basically abstract because it is not framed around the jury's being reasonably satified from the evidence. Such an omission is enough by itself to uphold the trial judge's refusal.

## III.

As to assignments 4, 7, 8 and 9, no one of these assignments contains a reference to a ruling by the trial judge which was adverse to the appellant. Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415(4) and (5).

Assignment of error number 4 reads:

"4. For that the verdict of the jury is contrary to the law in the case. (pp. 13 & 116–120 of Transcript)"

Page 13 is the formal minute entry; pages 116–120 are the oral charge and what purport to be the given written charges typed by the court reporter in the transcription of the evidence. No ruling was had nor exception stated to the trial court.

Assignment of error number 7 reads:

"7. For that the verdict of the jury is contrary to the law in the case in that the

---

1. See Anno. 22 A.L.R.3d 325, §§ 20 and 21.

jury found the Appellant guilty of negligence when the Appellee, together with a witness in the car being driven by the Appellee both testified in open Court that the Appellee did not cause to be made, or make a suitable and audible signal as the Appellee attempted to overtake or pass the vehicle being driven by Appellant, contrary to the laws and statutes of the State of Alabama. (pp. 13 & 101 & 107 of Transcript)"

Page 13—see above. Page 101 contains the cross-examination of Mrs. Langley and is devoid of any ruling by the court. Page 107 is part of the examination of Mr. Langley in chief. There is one objection to a question. Appellee's counsel abandoned the question. No ruling of the court appears on this page.

Assignment of error number 8 cites pages 101 and 107. Hence, the foregoing comment under assignment of error number 7 applies equally to number 8 as it also does to number 9 which refers to page 107.

 Appellate courts ordinarily have no power to review de novo the evidence in a nisi prius court. Sometimes this is expressed as a denial of the power to reexamine a jury's verdict otherwise than by the course of the Common Law. Cf. Constitution of the United States, Amendment 7.

Code 1940, T. 13, § 86, gives this court "final appellate jurisdiction." Our original jurisdiction is for supervision. § 89, op. cit., supra.

Hence, the requirements of relevance (e. g., claimed wrong rulings of law) and specificity which are found in Supreme Court Rule 1[2] are not anachronistic memorials of an obsolete practice.

2. "In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists; and each as-

 Without any rulings below, claims of error cannot be raised here for the first time.

The judgment below is

Affirmed.

signment shall list the page or pages of the transcript of the record on which the ruling is recorded. * * *"