Mattie Harvey appeals from a judgment denying relief in her action for declaratory or injunctive relief against the City of Oneonta, its mayor, its council members, its city clerk, and Glen Whited, individually. Harvey and Whited were candidates for place number 3 on the Oneonta City Council in the August 27, 1996, election. In her complaint, Harvey sought a declaration that Whited had not complied with the Fair Campaign Practices Act (FCPA), Ala. Code 1975, § 17-2A-1 et seq., and an injunction against certification of Whited as the winner of the election.
We dismiss the appeal because the circuit court was without jurisdiction to entertain this action.
 "No jurisdiction exists or shall be exercised by any judge, court or officer exercising chancery powers to entertain any proceeding for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process or order
from any judge, court or officer in the exercise of chancery powers, whereby the results of any election are sought to be inquired into, questioned or affected, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by any officer or obeyed by any person; and should any judge or other officer hereafter undertake to fine or in any wise deal with any person for disobeying any such prohibited injunction, process or order, such attempt shall be null and void, and an appeal shall lie forthwith therefrom to the supreme court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given of such appeal shall be 14 days."
Ala. Code 1975, § 17-15-6.
In Ex parte Baxley, 496 So.2d 688 (Ala. 1986), this Court, citing § 17-15-6, vacated a *Page 780 
judgment of a circuit court that purported to interfere with an election contest properly filed with the Executive Committee of the Alabama Democratic Party pursuant to § 17-16-70, Ala. Code 1975. In Turner v. Cooper, 347 So.2d 1339 (Ala. 1977), the Court cited the predecessor of § 17-15-6 in holding that the circuit court did not have jurisdiction to entertain a count for general equitable relief that was included in the election contest.
In Dunning v. Reynolds, 570 So.2d 668 (Ala. 1990), this Court affirmed the circuit court's dismissal, for lack of jurisdiction, of an action seeking a declaratory judgment and a writ of mandamus. The Dunning plaintiffs sought to have a certificate of nomination revoked without having "exhausted [their] remedies before the State Democratic Executive Committee prior first to filing the . . . action." 570 So.2d at 669. See also Davis v. Reynolds, 592 So.2d 546 (Ala. 1991), a contest of the general election that followed the primary election the Dunning plaintiffs had attempted to challenge. InDavis, this Court, in affirming the judgment, stated, among other things:
 "A challenge to an election on grounds of ineligibility is an election contest under § 17-15-1, which provides:
 " 'The election of any person . . . may be contested . . .:
" '. . . .
 "(2) When the person whose election to office is contested was not eligible thereto at the time of such election' "
592 So.2d at 549. The challenge in Davis pertained to a candidate's failure to timely file a statement required by the FCPA.
In short, Harvey should have filed an election contest pursuant to § 11-46-69, Ala. Code 1975. Under § 17-15-6, the circuit court did not have jurisdiction to entertain this action for declaratory or injunctive relief.
We recognize that this Court made the following statement inCity of Talladega v. Pettus, 602 So.2d 357, 360 (Ala. 1992): "Had Pettus filed the action before the certificate was issued or if he had challenged Barton's noncompliance with the provisions of the FCPA before the election, then the court would have had jurisdiction to grant whatever relief was appropriate." Because of this statement, Harvey's actions in filing for declaratory or injunctive relief and in attempting to obtain a ruling before a certificate of election was issued to Whited are understandable. However, the suggestion that Pettus could have filed an action before an election was simplyobiter dictum. Moreover, Pettus was an unsigned opinion with two Justices concurring specially and five Justices concurring in the result. The quoted language therefore has no precedential value.
After Harvey filed her notice of appeal, Pettus was overruled, again by an unsigned opinion that did not obtain enough votes to become a binding opinion of the Court. Ex parteKrages, 689 So.2d 799 (Ala. 1997). In Krages, the plurality opinion states that certificates of election that have been issued in municipal elections may be revoked pursuant to § 17-22A-21, just as certificates of election in state and county elections may be.
The unsigned opinion in Pettus suggested that § 17-22A-21 did not authorize a revocation of a certificate of election issued to a candidate in a municipal election. It further suggested that § 11-46-69(a)(1), which provides for a contest based on "[m]isconduct, fraud or corruption," did not provide for an election contest where the candidate had filed an FCPA-required statement at 4 p.m. on the day before the election. Thus, that opinion concluded, no statutory authority existed for an election contest under the circumstances, and § 17-15-6 barred the action. The unsigned Pettus opinion did not address whether § 11-46-69(a)(2), which provides for a contest based on the ineligibility of the winning candidate, provided for a contest under the circumstances. The Pettus Court was faced with a pre-election filing, albeit one so late as to arguably not constitute a filing before the election. Here, it is undisputed that Whited did not file before the election. Under the holding in Davis v. Reynolds, supra, a candidate who does not file a statement or report required by the FCPA before the election in question is ineligible to be elected to the office at that election. Any challenge to Whited's election on that basis *Page 781 
should have been filed as an election contest pursuant to §11-46-69(a)(2). In spite of the confusing language in Pettus, Harvey should have filed an election contest. She did not do so,[1] and the circuit court did not have jurisdiction to entertain this action for declaratory and injunctive relief.
A judgment of a court without jurisdiction is void. An appeal will not lie from a void judgment. Stamps v. Jefferson CountyBd. of Educ., 642 So.2d 941 (Ala. 1994); Luken v. BancBostonMortgage Corp., 580 So.2d 578 (Ala. 1991); Graddick v.McPhillips, 448 So.2d 333 (Ala. 1984); Underwood v. State,439 So.2d 125 (Ala. 1983); State v. King, 271 Ala. 16,122 So.2d 158 (1960). The judgment of the trial court is void, and the appeal is dismissed.
APPEAL DISMISSED.
HOOPER, C.J., and ALMON, HOUSTON, COOK, and SEE, JJ., concur.
MADDOX, J., dissents.
[1] Harvey's filing cannot be deemed the equivalent of an election contest. Section 11-46-69(b) states that a contest "shall be instituted in the manner prescribed by Section 17-15-29." Section 17-15-29 requires, among other things, that the plaintiff file security for the costs of the contest. This and other provisions of § 17-15-29 were not followed in Harvey's action for declaratory and injunctive relief.